## NEW YORK SUPERIOR COURT — GENERAL TERM, MAY, 1893.

DAY *v.* THE NEW YORK ELEVATED RAILROAD COMPANY et al.

APPEAL from judgment directed in favor of plaintiff by trial judge at equity term.

*J. T. Davies* and *R. L. Maynard,* for defendants (appellants).

*E. D. Hawkins,* for plaintiff (respondent).

McADAM, J. The judgment restrains the defendants from maintaining their elevated railway structure in front of No. 1,009 Third Avenue, until February 1, 1894, unless they pay the plaintiff $1,250, etc. The claim for past damages was waived, and the plaintiff was allowed the value to the end of the first term of the plaintiff's lease (February 1, 1894) of so much of plaintiff's easements of light, air and access to said premises as have been taken by the defendants, such value being computed from the commencement of the action. The plaintiff is the owner of the building, and the lease contains covenants of renewal, but these were not taken into consideration in the allowance made by the trial court. As lessee the plaintiff was entitled to recover the diminished rental value caused by the construction and operation of the defendants' road until the expiration of the first term demised. *Bank* v. *Metropolitan E. R. Co.,* 53 N. Y. Super. Ct. 511; 108 N. Y. 660; *Kearney* v. *Metropolitan E. R. Co.,* 129 id. 76. This value was assessed upon legal principles, and the amount fixed is not excessive. The judgment provides for the usual injunction in such cases, which is not to take effect until sixty days after service of a copy of the judgment, and requires the execution of the necessary releases by the plaintiff upon tender of the $1,250 with interest.

We find no errors in the rulings or in the judgment appealed from, which must be affirmed, with costs.

FREEDMAN, J., concurs.
Judgment affirmed.